UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


**James McGinn**

    v.                                              Civil No. 07-88-JL
                                                                  Opinion No. 2008 DNH 144
**Interim Warden,
New Hampshire State Prison**


### MEMORANDUM AND ORDER

The petitioner, James McGinn, seeks habeas corpus relief from his 2001 state court conviction for felonious sexual assault, claiming various constitutional infirmities attendant to those proceedings. See 28 U.S.C. § 2254. The respondents move for summary judgment, asserting that McGinn's petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d)(1). McGinn objects, arguing that while his petition was untimely, his late filing is excused by the doctrine of equitable tolling.

This court has jurisdiction over McGinn's petition under 42 U.S.C. § 1331 (federal question) and AEDPA (habeas relief for state prisoners) in particular. See 28 U.S.C. § 2254(a). For

the reasons stated below, the court grants the respondents'
motion for summary judgment.

I.   **BACKGROUND**

In 2001, McGinn was convicted in Rockingham County Superior Court of five counts of felonious sexual assault. See N.H. Rev. Stat. Ann. 632-A:3. He was sentenced to consecutive three-and-a-half to seven year prison terms on two of the counts, and received suspended sentences on the remaining convictions. McGinn, represented by counsel,[1] brought a timely appeal in the New Hampshire Supreme Court, arguing that the evidence was insufficient to support the verdict and that the trial court erred in various evidentiary rulings. The court rejected these arguments, affirming his conviction, and, on August 15, 2002, denied his motion to reconsider that ruling. On November 13, 2002--90 days after his motion for reconsideration was denied--McGinn's right to petition the United States Supreme Court for a writ of certiorari expired and his conviction became final. See Sup. Ct. R. 13.

---

[1] McGinn was represented by counsel through the New Hampshire Supreme Court's denial of application for post-conviction relief on January 13, 2006.

On August 8, 2003, McGinn moved the state trial court for a new trial, which was denied, as was his ensuing request for reconsideration.  He appealed to the New Hampshire Supreme Court, which affirmed the denial of the motion insofar as it challenged McGinn's conviction, but remanded the case to the superior court to determine (1) whether imposing consecutive sentences was an abuse of discretion, and (2) whether the failure to raise that issue at sentencing constituted ineffective assistance of counsel.  The superior court ultimately concluded that its sentencing order was a sustainable exercise of discretion and that trial counsel had not been ineffective.  McGinn again sought review of the superior court's ruling in the New Hampshire Supreme Court, but on January 13, 2006, review was denied.

Proceeding pro se, McGinn filed a habeas petition in this court on March 28, 2007.  The Magistrate Judge recommended that the petition be dismissed as untimely.  This court, based on an incomplete record of the state court proceedings, rejected the magistrate's recommendation and allowed McGinn's petition to proceed.  The respondents have since moved for summary judgment, arguing that McGinn's petition is in fact barred by AEDPA's statute of limitations.

**II.    APPLICABLE LEGAL STANDARD**

Summary judgment is appropriate where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first identify the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see also In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001).

**III. ANALYSIS**

AEDPA provides for a one-year period of limitations during which "a person in custody pursuant to the judgment of a State court" may apply for federal habeas relief.  See 28 U.S.C. § 2244(d)(1).  The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §

2244(d)(1)(A).  Finality thus attaches when "the time for a petition for certiorari [elapses] or a petition for certiorari [is] finally denied."  Derman v. United States, 298 F.3d 34, 40 (1st Cir. 2002) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)).  For present purposes, McGinn's conviction became final, and the AEDPA period of limitations began to run, when his right to petition the Supreme Court for certiorari lapsed on November 13, 2002.

**A.   Statutory tolling**

Under AEDPA, the statutory period is tolled while a state court prisoner seeks post-conviction relief in state court:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent claim or judgment is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(2).  Here, 267 days elapsed between the date McGinn's conviction became final and August 8, 2008, the date he moved for a new trial in the superior court.  As the First Circuit has previously noted, however, the filing of post-conviction relief "does not reset the clock . . . , but merely stops it temporarily, until the relevant applications for review are ruled upon."  Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir.

2007). The limitations period, therefore, began to run once again on January 13, 2006, when the New Hampshire Supreme Court declined to review the superior court's decision on McGinn's motion for a new trial on remand,[2] and continued to run until he filed his habeas petition on March 28, 2007, 439 days later. Even accounting for the periods of tolling, McGinn filed his habeas petition 709 days after his judgment became final, and nearly one year after the AEDPA's limitations period had expired.

B. **Equitable tolling**

McGinn does not dispute the fact that his habeas petition was untimely. His argument is that, as a pro se petitioner, he "is entitled to equitable tolling of the one year limitations period due to his good faith misinterpretation of the applicable AEDPA rules." Under his misunderstanding of the law, McGinn believed "he had one year from the end of all timely filed state court litigation to file this petition . . . plus the 90 days to file a cert petition." He argues that, as "he was acting pro se,

---

[2] An "application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari [or the 90-day period for filing one]." Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (the Supreme Court of the United States "is not a part of a State's post-conviction procedures").

with no legal training and a lay person's understanding of the law," his misunderstanding of the law--and consequent late filing of his habeas petition--should equitably toll the AEDPA statute of limitations.

The First Circuit has clearly stated that equitable tolling of the AEDPA limitations period "is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."  Trapp, 479 F.3d at 59; see also Brackett v. United States, 270 F.3d 60, 67 (1st Cir. 2001) (describing equitable tolling as a "narrow safety valve[]" reserved for "instances of clear injustice").  It is limited to cases where circumstances out of the petitioner's control have prevented him from promptly filing for habeas relief.  See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).  As the party seeking to invoke the doctrine of equitable tolling, McGinn "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Equitable tolling is not appropriate in this case.  McGinn has failed to show that he diligently pursued his rights, and makes no argument that extraordinary circumstances prevented him from filing his petition within the limitations period.  Instead,

McGinn, who filed his habeas petition pro se, blames his inaction on a lack of familiarity with the law. The First Circuit has previously squarely addressed and rejected this very argument:

> The petitioner's assertion that his pro se status somehow entitles him to equitable tolling is wide of the mark. While pro se pleadings are to be liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time.

Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002) (internal citation omitted); see also Lattimore, 311 F.3d at 55 ("Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing"). McGinn, represented by counsel, waited 267 days after his direct appeal was denied before filing for post-conviction relief. Even assuming that McGinn--and his attorney--mistakenly believed he could not file his pro se habeas petition until his application for post-conviction relief concluded, he has failed to offer any explanation for the 439 days that passed before he actually filed his petition. In light of these unexplained delays, McGinn cannot claim the benefit of equitable tolling. See Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004) (equitable tolling is "not available to rescue a litigant from his own lack of due diligence").

In support of his request for equitable tolling, McGinn argues that "until the decision in Trapp [which was decided March

1, only a few weeks before McGinn filed this petition on March 28, 2007], it was not as clear that the one year AEDPA limitation period covered the time before and after completion of timely collateral challenges in state court."  The court rejects this argument.  As mentioned earlier, AEDPA clearly states, and has stated since its enactment in 1996, that the "time during which a properly filed application for State post-conviction [relief] is pending shall not be counted towards any limitations period" established by AEDPA.  28 U.S.C. § 2244(d)(2).  Indeed, dating back to 2001, the Supreme Court has recognized that AEDPA's tolling provision "protect[s] a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued."  Duncan v. Walker, 533 U.S. 167, (2001); see Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001).  In light of this clear statement of the law, coupled with the fact that McGinn was represented by counsel while he pursued post-conviction relief, the court rejects the argument that neither he nor his counsel could decipher the tolling provision of Section 2244(d)(2).  See Trapp, 479 F.3d at 60 ("Generally, in civil cases, 'garden-variety' attorney negligence, even if excusable, is not grounds for equitable tolling.").

**IV.  CONCLUSION**

McGinn's petition is necessarily dismissed as untimely since it was filed beyond the expiration of AEDPA's one-year limitations period.  Therefore, for the reasons stated above, being careful "to avoid upsetting the 'strong concern for finality' embodied in § 2254," Neverson, 366 F.3d at 42 (quoting Brackett, 270 F.3d at 68), the court grants the respondents' motion for summary judgment.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:  August 14, 2008

cc:  Michael J. Sheehan, Esq.
     Thomas E. Bocian, Esq.
     Stephen D. Fuller, Esq.

10